UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET D. DELFIN,

    Plaintiff,                             CIVIL ACTION NO. 06-CV-10884-DT

  v.

                                              DISTRICT JUDGE GERALD E. ROSEN
                                              MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
    _____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past sedentary work as a billing clerk or dental receptionist.

                                                        \*   \*   \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on May 12, 2003, alleging that she had been disabled and unable to work since July 10, 2000, at age 51, due to fibromyalgia, knee and ankle pain and an inability to lift her arms above shoulder level[1]. Benefits were denied,

---

[1] Plaintiff filed prior applications for DIB and SSI benefits alleging the same disability as the present application, which were denied by the SSA and not pursued further (TR 14, 32, 50). Consequently, <u>res</u> <u>judicata</u> applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (May 4, 2001). <u>Bagby v. Harris</u>, 650 F.2d 836 (6th Cir. 1981), <u>cert</u>. <u>denied</u> 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. <u>Blacha v. Secretary</u>, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does not take issue with the SSA's application of <u>res</u> <u>judicata</u>.

initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on April 19, 2005, before Administrative Law Judge (ALJ) E. Patrick Golden. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past sedentary work as a billing clerk or dental receptionist. Both jobs were performed in clean air environments. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

     Plaintiff was 56 years old at the time of the administrative hearing (TR 54). She had been graduated from high school and completed two years of college (TR 98). The claimant had been employed as a medical billing clerk and dental receptionist during the relevant past (TR 59, 69, 93). As a billing clerk and dental receptionist, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 60-63, 93).

     Claimant stopped working in July 2000, after injuring her back in an automobile accident (TR 616-617). She was unable to return to work after the accident due to severe back and knee pain (TR 617-618). Plaintiff testified that she remained disabled due to constant bodily pain and an inability to concentrate (TR 619, 627). She also complained of flare-ups of fibromyalgia that prevented her from handling objects and remaining on her feet for prolonged periods (TR 620-622). Plaintiff testified that she was extremely limited in her ability to sit, stand, walk, lift or use her hands (TR 623-624). Claimant explained that

hand pain prevented her from enjoying such old hobbies as sewing and cake decorating (TR 629). Plaintiff added that she had trouble performing household chores and grocery shopping (TR 106, 628), and she had to lie down throughout the day to relieve her fatigue (TR 625-626). Plaintiff spent her days at home performing light household chores (TR 107), but she sometimes needed the assistance of friends and family to do the cooking and dishwashing (TR 107, 631).

A Vocational Expert, Raymond Dulecki, classified Plaintiff's past work as sedentary, semi-skilled activity (TR 633). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[2] (TR 635). The Administrative Law Judge did not pose any hypothetical questions to the Vocational Expert[3].

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of fibromyalgia, mild restrictive airway disease, possible lupus, minimal osteoarthritis of the foot and knee, minimal lumbar degenerative disc disease, and a history of plantar fascitis and headaches, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's breathing difficulties required her to work in clean air

---

[2] The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods and her need to lie down every day would preclude all work activity (TR 635).

[3] Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Smith v. Secretary, 893 F.2d 106, 110 (6th Cir. 1989). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work, even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). Contrary to Plaintiff's assertion, the ALJ was not required to ask the Vocational Expert any hypothetical questions when making a step four determination that Plaintiff could return to her past sedentary work.

environments. The Law Judge determined that the claimant retained the residual functional capacity to perform a reduced range of sedentary work, including her past work as a billing clerk or dental receptionist, which were performed in clean air environments.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple joint pain was severe enough to preclude her from all work activity. The law is clear, however, that the mere existence

of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2006).

<u>INSURED STATUS REQUIREMENT FOR DIB BENEFITS</u>

A "period of disability" can only commence while an applicant is fully insured.  42 U.S.C. § 416(I)(2).  The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2004, and thus she cannot be found disabled unless she can establish a disability prior to that date.  <u>Gibson v. Secretary</u>, 678 F.2d 653, 654 (6th Cir. 1982).  Evidence relating to a later time period is only minimally probative, <u>Siterlet v. Secretary</u>, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status.  <u>Higgs v. Bowen</u>, 880 F.2d 860, 863 (6th Cir. 1988).  In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled between May 2001, the date her earlier applications for benefits were denied, and December 31, 2004, when her insured status expired, in order to be entitled to DIB benefits.  <u>Garner v. Heckler</u>, 745 F.2d 383, 390 (6th Cir. 1984).

Proper inquiry in an application for SSI benefits is whether claimant was disabled on or after the application date.  <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993).  Thus, Plaintiff had the burden of proving that she was disabled between May 2003, the SSI application date, and July 26, 2005, the date of the ALJ decision, in order to be entitled to SSI benefits.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity during the relevant period for a reduced range of sedentary work that included her past work as a billing clerk and dental receptionist. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling pain.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of totally disabling symptoms related to fibromyalgia. Despite Plaintiff's claim of severe functional limitations, a significant portion of the treatment notes document routine medical care for ailments such as musculoskeletal pain and numbness, poor sleep, headaches, memory loss and assorted allergies (TR 169-205). Nevertheless, Plaintiff had a normal walking gait without the need of a cane or other assistive device. A physical examination of claimant's head, neck, chest, heart, abdomen and extremities was normal (TR 141). Other than stooping and squatting, Plaintiff was able to perform most orthopedic and postural movements without difficulty (TR 145). Ranges of cervical and extremity motion were also within normal limits (TR 134, 386, 392, 396-397, 419-421, 424-426, 429-432). Moreover, neurological evaluations failed to discover any major sensory, motor or reflex abnormalities (TR 392, 419-420, 426-429). Even though the claimant suffered from periodic headaches, she never complained to any physician that the headaches interfered with her ability to concentrate.

While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled. Contrary to Plaintiff testimony at the

administrative hearing that medications caused her to be constantly tired and sapped her energy (TR 625), she told the SSA in February 2001, that medications did not cause any side effects (TR 85, 89).  Despite claims of severe daily headaches, which allegedly could only be relieved by lying down in a dark room for long periods of time (TR 631), Plaintiff was able to attend chiropractic sessions three times a week, read, watch television, prepare simple meals and perform home exercises (TR 106-107, 630).

The ALJ reasonably accommodated claimant's joint pain and extremity numbness by restricting her to slow paced sedentary work that did not require lifting more than ten pounds on a regular basis. The ALJ also took into account claimant's breathing difficulties stemming from her allergies and restrictive airway disease by finding that she needed to work in a clean air environment.

Notwithstanding Plaintiff's assertion that she suffered from severe mental depression, she did not seek mental health treatment until March 2005.  Dr. David Lujan, a treating psychiatrist, noted on March 9, 2005, that the Plaintiff had a good memory, and that her stream of thought was both normal and spontaneous (TR 608).  Although the claimant had an angry mood, her effect was appropriate and she did not have any homicidal thoughts (TR 608).  While Dr. Lujan assigned Plaintiff a GAF score of 50, indicating a serious impairment in social, occupational and school functioning, the psychiatrist did not find that she had any severe obsessional rituals, a lack of friends, or that she was unable to keep a job because of a mental impairment. The ALJ considered the evidence of record, and he reasonably concluded that claimant's depression was not severe enough to preclude her from returning to her past sedentary work.

Plaintiff relies heavily upon the fact that her treating physician, Dr. Samir Yahia, found her incapable of performing gainful employment in March 2005 (TR 581-583). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Yahia offered little objective evidence during the relevant period to support his conclusion of disability, his opinion need not have been given any special weight[4]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Contrary to Plaintiff's assertion, the ALJ did not fail to properly consider her obesity in his residual functional capacity evaluation. The medical record gives little indication that claimant's obesity caused any additional functional limitations that the Law Judge did not address. For example, Plaintiff testified that back and knee pain, and not obesity, prevented her from sitting, standing and walking for prolonged periods (TR 623).

---

[4]Dr. Yahia's responses to the questionnaire posed to him by Plaintiff's counsel occurred several months after the expiration of insured status for DIB purposes. Furthermore, the medical evidence, when considered as a whole, failed to support the treating doctor's disability opinion due to fibromyalgia. Throughout the record, Plaintiff had a normal gait, had nearly normal straight leg raising, and did not suffer from any major neurological deficits (TR 134, 141, 143, 145, 386, 392, 396-397, 419-421, 424-426, 429-432). Where, as here, a physician's conclusions regarding a claimant's physical capacity contains no substantiating medical or other data, the ALJ is not required to credit such opinion. Cutlip v. Secretary, 25 F.3d 284, 287 (6th Cir. 1994).

**8**

Given the lack of objective clinical evidence of disability during the relevant period, the Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of sedentary work in a clean air environment. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable.  In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: October 19, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 19, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 19, 2006.  **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge Donald A. Scheer
                                                (313) 234-5217