UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGARET D. DELFIN,

       Plaintiff,

v.

       Case No. 06-10884
       Hon. Gerald E. Rosen
       Magistrate Judge Donald A. Scheer

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 30, 2007

PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

On October 19, 2006, Magistrate Judge Donald A. Scheer issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Margaret D. Delfin's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on October 31, 2006. The Court has now reviewed the parties' motions, the R & R, Plaintiff's objections, and the remainder of the materials in the record. For the reasons discussed briefly below, the Court concurs in the Magistrate Judge's analysis, and accordingly adopts the R & R in its entirety, as supplemented by the rulings below.

Plaintiff advances five objections to the R & R, which largely track the arguments raised in her underlying summary judgment motion.  First, she contends that the Administrative Law Judge ("ALJ") failed to adequately analyze her claim of a mental impairment, by purportedly (i) failing either to find that this impairment was severe or to explain why it was not, and (ii) failing to incorporate the limitations resulting from this impairment into his determination of Plaintiff's residual functional capacity ("RFC").  Yet, the ALJ explicitly addressed both Plaintiff's testimony and the medical evidence regarding her claim of depression, observing (i) that Plaintiff did not seek mental health treatment until just before the administrative hearing (a time after the expiration of her eligibility for benefits), (ii) that she showed improvement soon after initiating treatment, and (iii) that certain of the symptoms she reported to her physician were inconsistent with other portions of the record.  (See Admin. Record at 18.)  As stated in the R & R, this was a sufficient basis for the ALJ's evident conclusion that Plaintiff's mental impairment was not severe and did not preclude her from performing semi-skilled work.  Moreover, the psychiatrist's assignment of a GAF score of 50, standing alone, did not mandate a different conclusion, where this score lacked support in the psychiatrist's own findings as to Plaintiff's level of functioning.  Accordingly, the ALJ's assessment of Plaintiff's mental condition was supported by substantial evidence.

Plaintiff next contends that the ALJ erred in failing to find that her obesity was a severe impairment, resulting in an RFC that did not accurately reflect the additional limitations that purportedly flowed from this condition.  Yet, the ALJ expressly noted the

absence of evidence that Plaintiff's obesity resulted in any additional limitations beyond those attributable to other conditions, (see Admin. Record at 19), and Plaintiff has not identified any such limitations that the ALJ should have accounted for but did not. Accordingly, this objection lacks merit.

   Next, Plaintiff argues that the ALJ failed to identify a sufficient basis for discounting the March 1, 2005 opinion of her treating physician, Dr. Samir Yahia, that she was incapable of performing the various tasks that would be necessary to enable her to return to her past work.  (See Admin. Record at 581-83.)[1]  The ALJ found that this opinion was "not sufficiently supported by the evidence of record, particularly the objective evidence," (id. at 19), but Plaintiff insists that the record contains ample objective findings to support Dr. Yahia's conclusion.  Upon reviewing the portions of the record cited by Plaintiff, however, the Court finds that they support, at most, the ***existence*** of certain impairments, while largely failing to indicate the extent of any resulting limitations.  Dr. Yahia's own contributions to this record are considerably less probative — as observed by the ALJ, his notes are difficult to read, and appear to consist principally of Plaintiff's self-reports of her symptoms, as opposed to clinical findings.  (See id. at 17.)  Accordingly, the Court finds sufficient support for the ALJ's decision to give "only moderate weight" to Dr. Yahia's opinion.  (Id. at 19.)

---

   [1]Indeed, the Court notes that, in checking off the various items on this form, Dr. Yahia choose the ***most*** restrictive or limiting response to ***each and every*** inquiry — including, for example, that Plaintiff's seeing and hearing were limited by her impairments.

As her next objection, Plaintiff contends that the ALJ erred in finding that her testimony regarding her limitations was not fully credible.  The ALJ, however, cited a whole panoply of reasons for discounting this testimony, including internal inconsistencies, the lack of objective evidence in support of certain of her claims, her failure to seek treatment for certain of her claimed impairments, and the absence of recommendations of aggressive treatment for other claimed impairments.  (See id. at 18-19.)  All of this provided a sufficient basis for the ALJ to conclude that Plaintiff was not fully credible.

Finally, Plaintiff faults the ALJ for "ma[king] no mention in his decision about the side-effects of Plaintiff's medications." (Plaintiff's Objections, Br. in Support at 9.)  Yet, the ALJ expressly noted Plaintiff's claim that "her medications make her constantly tired and sap her energy," but concluded that "[s]uch side effects are not documented by the record." (Admin. Record at 18.)  Plaintiff has not identified any flaw in this conclusion, nor can the Court discern one in its own review of the record.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation, as supplemented by the foregoing rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment is DENIED, and that Defendant's motion for summary judgment is GRANTED.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated: March 30, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager